IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 24, 2006

## STATE OF TENNESSEE v. JOHN MARSHALL MAYES

**Appeal from the Circuit Court for Marshall County**
**No. 16542    Robert Crigler, Judge**

―――――――――

**No. M2005-01469-CCA-R3-CD - Filed February 10, 2006**

―――――――――

The defendant pled guilty to driving while under court order not to operate a motor vehicle because he had been declared an habitual motor offender. The trial court sentenced the defendant to six years as a Career Offender. The defendant appeals, arguing that the trial court erred in not granting him probation and in sentencing him as a career offender. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL, and ROBERT W. WEDEMEYER, JJ., joined.

Andrew Jackson Deering, III, Assistant Public Defender, Shelbyville, Tennessee, for the appellant, John Marshall Mayes

Paul G. Summers, Attorney General and Reporter; C. Daniel Lins, Assistant Attorney General; Mike McCown, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant was pulled over by an officer in Lewisburg, Tennessee for driving 52 miles per hour in a 30 mile per hour zone. The officer asked the defendant for his driver's license. The defendant replied that he did not have a license and instead supplied another form of identification. The officer ran the defendant's identification and discovered that the defendant's license had been revoked. The officer then found that the defendant had been declared an Habitual Motor Offender. The defendant was then arrested and taken to the Marshall County Jail. On February 23, 2005, the

grand jury indicted the defendant of driving in violation of a court order declaring him to be an habitual motor offender and ordering him to not operate a motor vehicle.

On March 23, 2005, the defendant pled guilty to his indicted offense. On May 18, 2005, the trial court sentenced the defendant to six years of incarceration as a Career Offender. The defendant filed a timely notice of appeal.

## ANALYSIS

The defendant argues that the trial court erred in not giving him an alternative sentence and in sentencing him as a Career Offender. "When reviewing sentencing issues . . . , the appellate court shall conduct a de novo review on the record of such issues. Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider the defendant's potential for rehabilitation, the trial and sentencing hearing evidence, the pre-sentence report, the sentencing principles, sentencing alternative arguments, the nature and character of the offense, the enhancing and mitigating factors, and the defendant's statements. Tenn. Code Ann. §§ 40-35-103(5), & -210(b); Ashby, 823 S.W.2d at 169. We are to also recognize that the defendant bears "the burden of demonstrating that the sentence is improper." Ashby, 823 S.W.2d at 169.

In balancing these concerns, a trial court should start at the presumptive sentence, enhance the sentence within the range for existing enhancement factors, and then reduce the sentence within the range for existing mitigating factors. Tenn. Code Ann. § 40-35-210(e). No particular weight for each factor is prescribed by the statute. See State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995). The weight given to each factor is left to the discretion of the trial court as long as it comports with the sentencing principles and purposes of our code and as long as its findings are supported by the record. Id.[1]

_____

[1]We note that the Tennessee Supreme Court has determined that despite the ability of trial judges to set sentences above the presumptive sentence based on the finding of enhancement factors neither found by a jury or admitted by a defendant, Tennessee's sentencing structure does not violate the Sixth Amendment and does not conflict with the holdings of Blakely v. Washington, 542 U.S. 296 (2004), United States v. Booker, 543 U.S. 220 125 (2005), or United States v. FanFan, the case consolidated with Booker, because "the Reform Act [of Tennessee] authorizes a discretionary, non-mandatory sentencing procedure and requires trial judges to consider the principles of sentencing and to engage in a qualitative analysis of enhancement and mitigating factors . . . all of which serve to guide trial judges in exercising their discretion to select an appropriate sentence within the range set by the Legislature." State v. Gomez, 163 S.W.3d 632, 661 (Tenn. 2005). Effective July 1, 2005, the Tennessee General Assembly amended the sentencing act to reflect the advisory nature of enhancement factors.

## Alternative Sentencing

The defendant argues that because he was convicted of a Class E felony with a sentence of six years and that he does not fall under the parameters of Tennessee Code Annotated section 40-35-102(5) he is entitled to be sentenced to probation. Tennessee Code Annotated section 40- 35-102(5) provides as follows:

> In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration.

A defendant who does not fall within this class of offenders "and who is an especially mitigated offender or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary." Tenn. Code Ann. § 40- 35-102(6). Furthermore, unless sufficient evidence rebuts the presumption, "[t]he trial court must presume that a defendant sentenced to eight years or less is an offender for whom incarceration would result in successful rehabilitation . . . ." State v. Byrd, 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993); see also Tenn. Code Ann. § 40-35-303(a).

An offender is eligible for probation if "the sentence actually imposed upon such defendant is eight (8) years or less . . ." and has not been convicted of certain violent offenses. Tenn. Code Ann. § 40-35-303(a). It is true that the defendant has not been convicted for one of the enumerated offenses and has been sentenced to less than eight years. However, all offenders who meet the criteria are not automatically entitled to relief; instead, sentencing issues must be determined by the facts and circumstances of each case. See State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987) (citing State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986)). Even if a defendant is presumed to be a favorable candidate for alternative sentencing under Tennessee Code Annotated section 40-35-102(6), the statutory presumption of an alternative sentence may be overcome if:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant . . . .

Tenn. Code Ann. § 40-35-103(1)(A)-(C). In choosing among possible sentencing alternatives, the trial court should also consider Tennessee Code Annotated section 40-35-103(5), which states, in pertinent part, "[t]he potential or lack of potential for the rehabilitation or treatment of a defendant should be considered in determining the sentence alternative or length of a term to be imposed." Tenn. Code Ann. § 40-35-103(5); State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). The trial court may consider a defendant's untruthfulness and lack of candor as they relate to the potential for rehabilitation. See State v. Nunley, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999); see also State v. Bunch, 646 S.W.2d 158, 160-61 (Tenn. 1983); State v. Zeolia, 928 S.W.2d 457, 463 (Tenn. Crim. App. 1996); State v. Williamson, 919 S.W.2d 69, 84 (Tenn. Crim. App. 1995); Dowdy, 894 S.W.2d at 305-06.

The defendant has a lengthy criminal history. His first conviction as an adult occurred when he was eighteen years old in 1978 and his charges and convictions continued throughout twenty-five years to 2003 when he was forty-three. There is virtually no break in his criminal activity except for when he was incarcerated. His charges and convictions include public intoxication, various driving offenses, including driving while intoxicated, larceny, assault and aggravated assault. It is clear that the defendant falls within Tennessee Code Annotated section 40-35-103(1)(A) which states that if a defendant has a long history of criminal behavior the statutory presumption of entitlement to probation may be overcome. The defendant's lengthy criminal history supports the trial court's decision to sentence the defendant to incarceration. We also conclude that the defendant's lengthy criminal history, which includes periods of incarceration, probation and other alternative sentencing, shows that the defendant is a poor candidate for rehabilitation.

Therefore, this issue is without merit.

### Career Offender

The defendant argues that the trial court erred in sentencing him as a career offender. At the sentencing hearing, the State presented the judgments of six prior felony convictions to support its assertion that the defendant should be sentenced as a Career Offender. The defendant argues that two of the convictions for aggravated assault are for incidents that occurred within a twenty-four hour period and, therefore, should be considered as one conviction under Tennessee Code Annotated section 40-35-108(b)(4). Tennessee Code Annotated section 40-35-108(b)(4) states:

> Convictions for multiple felonies committed as part of a single course of conduct within twenty-four (24) hours constitute one (1) conviction for the purpose of determining prior convictions; however, acts resulting in bodily injury or threatened bodily injury to the victim or victims shall not be construed to be a single course of conduct.

(emphasis added).

The judgments presented by the State include two judgments dated December 11, 1987, the date upon which the defendant pled guilty to two offenses of aggravated assault. The State included the complaints and the indictments for these two offenses. The indictments both state that the aggravated assaults occurred in July of 1987. The defendant argues that the complaints state two different dates for the assaults. It is undisputed that there were two different victims. There was much discussion as to whether there were two different dates for the occurrence of these offenses at the sentencing hearing. The trial court, in its ruling relied upon the fact that the defendant was convicted of aggravated assault to determine that the twenty-four hour merger rule did not apply to these convictions. The trial court stated that "aggravated assault involves bodily injury or threatened bodily injury" by necessity. While the trial court's holding in this regard is generally true, we need not reach the question of whether aggravated assault always involves bodily injury or the threat thereof. The affidavits of complaint by the two assault victims, which were admitted without objection from the defendant clearly indicate that one victim was actually injured and the other threatened with bodily injury. Therefore, the exception to the twenty-four hour rule is met by the fact that the two offenses in this case involved bodily injury or the threat of it. The State presented six valid felony convictions to support the defendant's sentence as a Career Offender.

Therefore, this issue is without merit.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

                                   _____
                                   JERRY L. SMITH, JUDGE